UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT LUCAS, | : | Case No. 1:16cv1102 |
| Plaintiffs, | : | Judge Michael R. Barrett |
| v. | : | |
| TOTAL SECURITY VISION, INC., *et al.*, | : | |
| Defendants. | : | |
| | : | |

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 17). Plaintiff filed objections to the R&R and Defendants' filed a response to Plaintiff's objections. (Docs. 18, 19).

I. **BACKGROUND**

The facts in this case have been sufficiently detailed in by the Magistrate Judge and the same will not be repeated here except as necessary to address Plaintiff's objections. Plaintiff's Complaint alleges that he received 12 telephone calls to his residential phone line offering to lower his credit rate, despite being on the national Do Not Call registry. (Doc. 1, PageID 2 at ¶¶ 3, 6). He alleges that Defendant Total Security Vision, Inc. ("Total Security") operated the telemarking call center where the calls were processed. (Id. at ¶ 7, PageID 3). According to Plaintiff, Total Security was an agent of Premium Outsourced Solutions, Inc. ("POSI") and was operating the call center on POSI's behalf. (Id. at ¶ 9). The individual Defendant, Mohammad Ullah, according to Plaintiff, is the sole officer of Total Security.

Plaintiff brings the following claims: 1) Violation of the Federal Consumer Protection Act, Ohio Telemarketing Act, and Ohio Telephone Solicitation Act; 2) Violation of the Ohio Consumer Sales Practices Act; 3) Invasion of Privacy; 4) Liability for Calls Made on Behalf of Total Security; 5) Unjust Enrichment[1]; 6) Civil Conspiracy. (*See generally* Doc. 1). Plaintiff also brings claims against Defendant Ullah.

Defendants moved to dismiss Plaintiff's Complaint on the basis of res judicata. They direct the Court to a previously litigated case in this district wherein Plaintiff brought suit against POSI and other defendants, in part, for the same 12 telephone calls.[2] (Complaint, Doc. 1, Case No. 1:15-cv-108). Plaintiff ultimately obtained a default judgment against POSI, and three other Defendants in the amount of $45,600.

In response, Plaintiff filed a motion for summary judgment. He argued that if POSI and Total Vision are in privity with one another as Defendants argue, Total Vision and Ullah are bound by the former judgment against POSI. Accordingly, he sought a declaratory judgment to that effect. He also filed a motion to supplement his Complaint to add a claim for declaratory judgment and a claim for breach of contract.

The Magistrate Judge reached three primary conclusions. First, she recommended that Defendants' motion to dismiss be granted, finding Plaintiff's claims were barred by res judicata. Second, she recommended Plaintiff's motion for summary judgment be denied, finding that Plaintiff's attempted use of offensive res judicata was misplaced. Finally, she recommended denial of Plaintiff's motion to supplement his Complaint.

---

[1] Plaintiff has abandoned this claim and thus, it is dismissed. (Doc. 8, PageID 96). ("Plaintiff no longer intends to pursue "unjust enrichment" as a separate legal theory of liability…")

[2] The Court may take judicial notice of court records in prior actions. *Hall v. Miller*, No. 2:06-cv-01, 2006 U.S. Dist. LEXIS 41860, at *3 fn.2 (S.D. Ohio, June 22, 2006).

## II. STANDARD

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally.[3] *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. ANALYSIS

Plaintiff first objects to the Magistrate Judge's finding that Plaintiff plead in his Complaint that POSI and Defendants in this case are in privity, essentially attacking the third element necessary to establish res judicata. Rather, he argues the Complaint only asserts that Total Security and Ullah were acting as agents of POSI. (Doc. 3, PageID 215). Defendants counter that Plaintiff's principal-agent theory establishes privity for purposes of a res judicata analysis. (Doc. 19, PageID 236) (citing *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1502 (11th Cir. 1990)).

The Court's independent research revealed that the Sixth Circuit has likewise held (in an unpublished opinion applying Ohio law) that "a principal-agent relationship satisfies the privity requirement of res judicata where the claims alleged are within the scope of the agency

---

[3] Although Plaintiff initially filed his Complaint *pro se*, he is now represented by counsel. As such, his objections are not entitled to the liberal construction afforded to *pro se* plaintiffs.

relationship." *ABS Indus., Inc. ex rel. ABS Litig. Tr. v. Fifth Third Bank*, 333 F. App'x 994, 999 (6th Cir. 2009) (citations omitted). In *ABS*, however, the terms of the agreement between the parties, which were attached as an exhibit to the complaint, made it indisputable that the two parties were in a principal-agent relationship. *Id.* at 1001. ("Each bank irrevocably appoints NCB to be its agent…with the full authority to take such actions, to exercise such powers, on behalf of the banks in respect of this [a]greement…")

The Court finds the facts in this case compel a different result at this early stage in the proceedings. Defendants harp on Plaintiff's choice of the word "agent" in his Complaint. But "[w]hether a relationship is one of agency is a legal conclusion made after an assessment of the facts of the relationship and the applicable law of those facts." Restatement (Third) Of Agency § 1.02 (2006). Thus, while it is true Plaintiff refers to Total Security and Ullah as POSI's agents, the question herein is whether the parties had a principal-agent relationship in the legal sense.

The Restatement (Third) of Agency (2006) defines agency as "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Id.* at § 1.01. Applying that definition to the present case, the Court finds it is not presently able to determine whether a principal-agent relationship exists. The record reveals no evidence the parties had the sort of fiduciary relationship necessary to brand Totally Security and Ullah agents of POSI. Unlike the Sixth Circuit in *ABS* wherein the Court found the "explicit allegations of agency in its complaint" along with the "specific language of the [a]greement" doomed any argument to the contrary, there is no such evidence in this case for the undersigned to properly consider at the motion to dismiss stage. *ABS*, 333 Fed.Appx. at 1001-02. Moreover, Plaintiff's perfunctory use of the

word "agent" is not dispositive, as the characterization of the parties' own relationship in the context of industry or popular usage is not controlling. *Id.* at § 1.02.

Thus, while the Court must take the *factual* allegations of Plaintiff's Complaint as true when deciding a motion to dismiss, whether a principal-agent relationship exists is a question of law for the Court – a determination the Court is unable to make at this juncture. It may ultimately be true that res judicata applies. But Defendants have not provided, and the Court has not found, any authority that would oblige the Court to conclude based solely on Plaintiff's use of the word "agent" that res judicata bars Plaintiff's claims. Accordingly, Defendants have failed to establish res judicata applies. If appropriate, Defendants may once again raise the res judicata defense at the summary judgment stage.

Having reached the above conclusion, the Court need not address Plaintiff's objections to the R&R regarding his motion for summary judgment. (Doc. 18, PageID 213) ("If they are not in privity, res judicata does not apply. Both the Motion to Dismiss and Motion for Summary Judgment must be denied.")

Plaintiff next objects to the Magistrate Judge's recommendation that Plaintiff's leave to amend his Complaint should be denied. First, he contends that if the Court finds his Complaint is insufficient to obtain the declaratory judgment requested in his motion for summary judgment, he should be granted leave to amend. Because the Court does not address Plaintiff's objections related to his motion for summary judgment, the Court likewise does not address whether the Complaint is sufficient to obtain a declaratory judgment in that regard. While the Court is skeptical that Plaintiff would ultimately succeed in obtaining a declaratory judgment, the Court will not foreclose the possibility of permitting him to amend his Complaint in the future, if appropriate.

Finally, Plaintiff makes a cursory objection to the Magistrate Judge's recommendation that Plaintiff should not be granted leave to amend his Complaint to add a breach of contract claim. The entirety of Plaintiff's objection is as follows: "For the reasons stated in Pl.'s Reply Mem. Supp. Motion Supplem. Compl. (Doc. 16) at 4-6, Plaintiff should also be permitted to add his breach of contract claims." (Doc. 18, PageID 229). Directing the Court to prior briefing is not adequate under the Rules. Plaintiff fails to point to any specific portion of the Magistrate Judge's R&R he finds objectionable. Consequently, the Court considers Plaintiff's "objection" to be a general objection to the entirety of the R&R, and is insufficient to preserve any issues for review.

## IV. CONCLUSION

Consistent with the foregoing, the Magistrate Judge's R&R (Doc. 17) is **ADOPTED IN PART**, and Plaintiff's objections (Doc. 18) are **SUSTAINED IN PART AND OVERRULED IN PART**. Accordingly, it is **HEREBY ORDERED**:

1. Defendants' motion to dismiss (Doc. 5) is **DENIED**;

2. Plaintiff's motion for summary judgment (Doc. 7) is **DENIED**;

3. Plaintiff's motion to supplement his complaint (Doc. 12) is **DENIED WITHOUT PREJUDICE TO REFILING** with respect to his request for leave to add a claim for declaratory judgment, and **DENIED** with respect to his request for leave to add a claim for breach of contract.

**IT IS SO ORDERED.**

  s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court