**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| VINCENT LUCAS, | Case No. 1:16-cv-1102 |
| Plaintiff, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| TOTAL SECURITY VISION, INC., et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

On April 23, 2018, counsel moved for leave to withdraw from further representation of Defendants Total Security Vision, Inc. and Mohammad Ullah, asserting good cause as defined by the Rules of Professional Conduct. Defense counsel states that "[s]pecific evidence relied upon in support of the motion would be detrimental to the interests of Defendants if made public." (Doc. 40). Plaintiff filed a response in opposition, arguing that counsel had not specifically averred that the information would be detrimental "if disclosed to other parties," as required under Local Rule 83.4(c)(2). Plaintiff also argues that he would be prejudiced due to the anticipated delay that would be caused by a change in counsel, and based upon pending discovery disputes including Defendant Ullah's alleged recent failure to appear for a deposition.

In order to address Plaintiff's concerns and better inform this Court, the Court directed defense counsel to file additional information ex parte, for in camera inspection and review, a more detailed explanation of why counsel seeks to withdraw." (Doc. 42 at

1

2). Defendants also filed a reply memorandum in further support of the motion to withdraw.

In the reply memorandum, Defendants strongly dispute that Defendant Ullah's deposition was properly noticed, given the facts that: (1) Plaintiff initially indicated a willingness to take the deposition by videoconference (since Defendant resides in Florida); (2) Plaintiff's notice instead provided only one week's notice for the out-of-state deponent to appear in person in Cincinnati, which is presumptively unreasonable; (3) Plaintiff was well aware at the time he noticed the deposition that defense counsel was having difficulty reaching Mr. Ullah; and (4) Plaintiff was aware that defense counsel was filing a motion to withdraw on the same day the Notice was filed. The undersigned agrees that the deposition notice was unreasonable under the circumstances presented and did not comply with Rule 30(b)(1).

Based upon the documents reviewed in camera as well as the undersigned's consideration of the parties' memoranda, the Court will grant the motion to withdraw. Counsel has now clarified, and this Court has confirmed that the disclosure of the information contained in the in camera documents would be detrimental to the Defendants if disclosed to the Plaintiff. See Local Rule 83.4(c)(2).

Accordingly, **IT IS ORDERED THAT:**

1. The motion of counsel for Defendants Mohammad A. Ullah and Total Security Vision, Inc. to withdraw from further representation (Doc. 40) is **GRANTED**, subject to counsel's best efforts to serve a copy of this Order on the Defendants via U.S. Postal mail and email;

2. Defendants shall retain new counsel on or before **June 25, 2018;**

3. Defendant Ullah is reminded that a corporation cannot proceed pro se in federal court. If Mr. Ullah wishes to proceed pro se in his own defense, he must file a Notice of that intention on or before **June 25, 2018**;

4. Discovery will be **STAYED** until June 25, 2018. Following June 25, 2018, Plaintiff may seek to take Defendant Ullah's deposition, if desired, by serving a proper notice of the same on new counsel, or alternatively, upon the pro se Defendant.

                                                 *s/Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge