# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (this "Settlement Agreement") is made this __31st__ day of _May_, 2016, by and between Vincent Lucas("Lucas") and Net VOIP Communications, Inc. ("Net VOIP" and together with Lucas, the "Parties").

WHEREAS, on or about February 11, 2015, Lucas filed a complaint in the United States District Court for the Southern District of Ohio, captioned *Vincent Lucas v. Aurelio Jolin, a.k.a. Victor Jolin, a Philippine Telemarketer, et al.,* Civil Action number 1:15-cv-108, alleging violations of the Telephone Consumer Protection Act of 1991(the "TCPA") (the "Litigation"); and

WHEREAS, on or about November 1, 2015, Lucas filed a Second Amended Complaint that added claims against Net VOIP relating to twelve (12) phone calls allegedly made by Defendant Jolin in late 2014 and early 2015 that are alleged to have violated the TCPA.  Net VOIP denies all liability and states that it has never engaged in telephone solicitations either directly or through any sales person or agent, including Aurelio Jolin;

WHEREAS, the Parties have agreed to resolve the Litigation and all claims brought thereunder, as between them, with neither party admitting any liability for the matters specified above;

WHEREAS, the terms and provisions of the Settlement Agreement have been negotiated at arm's length and have been agreed to by the Parties in good faith; and

NOW THEREFORE, in consideration of the mutual covenants and agreements set forth herein and with the intent to be legally bound, it is hereby agreed between the undersigned as follows:

1. Within thirty (30) days of this Settlement Agreement being signed by the Parties and receipt by Net VOIP of a completed W-9 by Lucas, Net VOIP will pay the sum of Two Thousand Dollars ($2,000.00) inclusive of attorney's fees and costs in a check made payable and mailed to Vincent Lucas, P.O. Box 272, Amelia Ohio 45201 (the "Settlement Funds").

2. Lucas will file a Notice of Dismissal with Prejudice of his claims against Net VOIP on or before June 3, 2016.

3. Effective upon receipt of Settlement Funds, Lucas shall release and discharge Net VOIP and its successors, assignors, assignees, predecessors, parents, direct and indirect subsidiaries, affiliates, shareholders, anyone employed by Net VOIP at any time from Nov. 24, 2014 to the date of this Settlement Agreement, officers, vendors, contractors, directors, attorneys and agents, heirs and assigns (collectively, the "Net VOIP Released Parties") from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, extents, executions, judgments, claims, damages, costs, liens, liabilities, and demands, whatsoever, in law, admiralty, equity, known or unknown, which against Net VOIP Released Parties, Lucas ever had, now has, or hereafter can, shall or may have, constituting or relating to the twenty-three phone calls that are the subject of the Litigation (collectively, "Claims") whether asserted or unasserted, known or unknown, foreseen or unforeseeable, discoverable or undiscoverable, whether arising in law or inequity from the beginning of time to the date of this settlement agreement, except for the agreements and promises contained in this agreement. Notwithstanding the foregoing, this Settlement Agreement does not confer any rights or benefits

whatsoever on any other defendant in The Litigation (or any of their successors, assignors, assignees, predecessors, parents, direct and indirect subsidiaries, affiliates, owners, shareholders, employees, officers, vendors, contractors, directors, attorneys and agents, heirs and assigns) and does not remise, release, or discharge any legal claims that Lucas may have against any other defendant in The Lawsuit (or any of their successors, assignors, assignees, predecessors, parents, direct and indirect subsidiaries, affiliates, owners, shareholders, employees, officers, vendors, contractors, directors, attorneys and agents, heirs and assigns), including but not limited to Aurelio Jolin. Except as provided in this paragraph, this Settlement Agreement does not confer any rights or benefits whatsoever on any third party and does not remise, release, or discharge any legal claims that Lucas may have against any third party.

4. Effective upon execution by Lucas of this Settlement Agreement and dismissal with prejudice of his claims against Net VOIP, Net VOIP shall release and discharge Lucas and his successors, assignors, assignees, predecessors, parents, direct and indirect subsidiaries, affiliates, shareholders, present and former employees, officers, directors, attorneys and agents, heirs and assigns (collectively, the "Lucas Released Parties") from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, extents, executions, judgments, claims, damages, costs, liens, liabilities, and demands, whatsoever, in law, admiralty, equity, known or unknown, which against Lucas Released Parties, Net VOIP ever had, now has, or hereafter can, shall or may have, constituting or relating to the Litigation (collectively, "Claims") whether asserted or unasserted, known or unknown, foreseen or unforeseeable, discoverable or undiscoverable, whether arising in law or in equity from the beginning of time to the date of this settlement agreement, except for the agreements and promises contained in this agreement.

5. Each party, by execution of this Settlement Agreement, represents and warrants that he, she, or it is fully authorized to enter into and bind each of the Parties to this settlement and perform this Settlement Agreement without any further or other consent or authorization from any person or entity.

6. In order to assure that no future litigation arises between the Parties, Lucas hereby discloses all phone numbers assigned to a mobile device or landline to which he currently subscribes, as follows: 5139471695, 5137670392

7. This Settlement Agreement constitutes the full and final agreement of the Parties pertaining to its subject matter, and all prior or contemporaneous understanding or agreements, whether written or oral, between the Parties with respect to such subject matter are hereby superseded in their entirety. The parties have made no agreements, representations or warranties relating to the subject matter of this Settlement Agreement that are not set forth herein; and no agreement, understanding or promise subsequent to the date hereof relating to the Subject Matter of this Settlement Agreement, between or by the Parties, shall be binding unless in writing and executed by the Parties. No Party shall be entitled to rely on oral statements made by any other Party which are not contained in a written agreement between the Parties. The Settlement Agreement set forth herein may be modified, amended or waived only by separate written agreement of each of the Parties expressly so modifying, waiving or amending such agreement. The parties fully understand that this Settlement Agreement may be used by either party as a complete defense as to any past, present, or future claim asserted with respect to the events that related to the Litigation and any other claim released herein.

8. This Settlement Agreement shall be governed and construed in accordance with the laws of the State of Ohio without giving effect to any conflict of law provisions.

9. The Parties agree to keep all matters pertaining to this action fully confidential. No party may disclose the existence or substance of this Agreement to any third party unless such disclosure is (a) lawfully required by any court or governmental agency; (b) otherwise required to be disclosed by law; (c) necessary in any legal proceeding in order to enforce any provision of this Agreement; (d) required to be disclosed to taxing authorities or others with respect to tax matters, including without limitation preparing income tax or audit materials; or (e) otherwise required to be disclosed by a Party to current or potential investors, regulators, lenders and purchasers or to then current in-hour or outside counsel. Any party from which disclosure of any of the terms of this Agreement is sought pursuant to subpoena or discovery shall promptly advise all other parties to this Agreement of any such requires to that any party may timely oppose such request or seek limitations upon such disclosure.

10. Should Net VOIP default on its obligation under this Settlement Agreement, Lucas shall first have an obligation to notify Net VOIP and allow Net VOIP five (5) days from the date of notification to cure the default without further cost or penalty. Should it become necessary for either party to enforce the terms and conditions of this Settlement Agreement, the prevailing party is entitled to reasonable attorney's fees and costs.

11. The Parties agree that the United States District Court for the Southern District of Ohio, Western Division, shall have exclusive jurisdiction over all matters related to the enforcement of this Settlement Agreement.

12. Except as otherwise expressly provided, nothing in this Settlement Agreement shall be construed as an admission by any Party of any alleged liability, fault or wrongdoing or that any of their claims is without merit or lacks validity.

13. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. The Parties acknowledge and agree that they have been advised of their right to consult counsel before signing this Settlement Agreement, have consulted counsel, they fully understand the provisions of this Settlement Agreement and their effect and they are signing this Settlement Agreement voluntarily, free from duress and with full capacity.

Dated this \_\_\_ day of _____, 2016

Signed by Vincent Lucas:

_/s/ Vincent Lucas_____

NET VOIP COMMUNICATIONS, INC.

By:_M. A. Ullah_____
    Its Duly Authorized Representative