# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

VINCENT LUCAS,

       Plaintiff,

v.

TOTAL SECURITY VISION, INC., et al.,

       Defendants.

Case No. 1:16-cv-1102

Barrett, J.
Bowman, M.J.

# MEMORANDUM OPINION AND ORDER

Pursuant to local practice, this case has been referred to the undersigned magistrate judge. This Memorandum Opinion and Order addresses four non-dispositive motions relating to various discovery requests propounded by Plaintiff upon the Defendants.

**I.    Background**

The history of this case and that of a related prior case were the subject of an R&R filed on May 1, 2017 by the undersigned. The R&R recommended granting the Defendants' motion to dismiss this case as barred by claim preclusion, based upon the prior Case No. 1:15-cv-108, and denying Plaintiff's counter-motion for summary judgment. (Doc. 17). The same R&R recommended denying Plaintiff's proposed amendment to the complaint in this case. (*Id.*)

On September 29, 2017, the presiding district judge partially sustained Plaintiff's Objections to that R&R, holding that Plaintiff's claims survived the motion to dismiss,

though without prejudice to Defendants' right to renew their arguments on res judicata, if appropriate, on summary judgment. (Doc. 20).

On February 21, 2018, Plaintiff filed a first amended complaint.[1] (Docs. 30, 33). After Defendants answered the amended complaint, Plaintiff moved to strike their answer. Soon thereafter, Defendants obtained new counsel and filed a motion seeking leave to file a counterclaim.

On July 19, 2018, Plaintiff noticed the deposition of Defendant Ullah, who resides in Florida, to appear in Cincinnati on August 3, 2018. (Doc. 48). Defendants objected to the proposed date. After a telephonic hearing, the undersigned directed Defendant Ullah to appear. Pursuant to the Court's directive, Mr. Ullah was deposed on August 17, 2019. (Doc. 58).

On September 21, 2018, the undersigned filed a Report and Recommendation ("R&R") that recommended that Plaintiff's motion to strike certain defenses be granted only in part, and that Defendants be permitted to file their tendered counterclaim. (Doc. 57). Although Defendants filed their counterclaim on October 16, 2018 in conformity with that R&R, the R&R remains pending before the presiding district judge.[2] Pursuant to the last amended Calendar Order, the parties were to complete discovery and file any dispositive motions on the amended complaint and counterclaim not later than

---

[1] While preserving their right to file a motion to dismiss, Defendants did not oppose the amendment, which eliminated class action allegations.

[2] Plaintiff has filed objections, and strongly opposes the counterclaim. (See Doc. 62). Plaintiff maintains that the Defendants improvidently filed their counterclaim, arguing that the pleading should not have been filed unless or until the district judge adopts the R&R granting permission to file it. Based upon his objections and opposition to the counterclaim, Plaintiff represents that he does not intend to file an answer to counterclaim unless and until Judge Barrett adopts the R&R. (Doc. 65). By this Order, Plaintiff is directed to file his answer to the counterclaim in order to avoid further delay of the proceedings in this case.

December 23, 2018 - less than a week from today. (Notational Order of 09/28/18, granting joint motion to extend deadlines).[3]

At the conclusion of his August 17, 2018 deposition, Plaintiff served Defendant Ullah with additional written discovery requests, captioned as a "Request to Supplement Deposition Responses." The requests included three interrogatories and one request for production. (*See* Doc. 64-1, Exhibit A to Motion to Compel). When Defendant Ullah failed to respond within thirty (30) days, Plaintiff sought another informal discovery conference with the Court. (*See* Doc. 64-2, Exhibit B to Motion to Compel). On October 9, 2018, the undersigned convened a telephone conference with defense counsel and Plaintiff. During that conference, counsel stated that he had not been able to obtain a response from his client(s) to date, despite leaving several messages with Mr. Ullah. At the conclusion of the conference, the Court entered the following Minute Entry:

> Defendants to produce outstanding overdue discovery by 10/16/2018. Should Defendants fail to respond by 10/16/2018, Plaintiff may file a motion to compel requesting sanctions. Defendants are reminded that all other discovery must be answered timely unless an extension is requested and agreed to.

(Minute Entry 10/9/18).

On October 25, 2018, following the Court's suggestion, Plaintiff filed a motion to compel discovery and for sanctions against Defendants based on their failure to timely produce the overdue discovery responses as directed. (Doc. 64). Plaintiff's motion

---

[3]Although the Court previously adopted the dates jointly proposed by the parties in their motion to extend deadlines, December 23 falls on a Sunday and immediately precedes court holidays. Additional facts favor the entry of a *sua sponte* extension of that December 23 deadline at this time.

3

complains that Defendants failed to produce any response at all until October 18, 2018, two days beyond the Court's deadline. Moreover, the "response" produced by Defendants was essentially non-responsive. In lieu of any *substantive* response, Defendants served only Objections, accompanied by a "Verification" signed by Defendant Ullah stating that the "foregoing Answers…are true to the best of my knowledge and belief." (Doc. 64-3).[4]

On November 19, 2018, Plaintiff filed a "motion for this Court to provide Plaintiff with everything submitted by Dinsmore & Shohl in support of their motion to withdraw as counsel." (Doc. 71). The referenced motion seeks information filed under seal that Plaintiff asserts is relevant to the Defendants' damage claim in their recently filed counterclaim. Defendants filed no response to the motion, and their time for doing so has expired.

On December 12, 2018, Plaintiff filed a third motion that seeks "to determine the admissibility of certain evidence and for other relief." (Doc. 74). That motion is not yet ripe and therefore is not addressed by this Order.

In addition to Plaintiff's motions, Defendants have filed two separate motions to quash subpoenas issued by the Plaintiff, along with a motion seeking a hearing on their motion. (Docs. 68, 69). Plaintiff has filed responses in opposition to each of Defendants' motions, to which Defendants have filed no reply.

---

[4] Mr. Ullah's "Verification" statement is undated and the signature line for a notary also has been left blank.

## II. Analysis

### A. Plaintiff's Motion to Compel and for Sanctions (Doc. 64)

Plaintiff's motion to compel and for sanctions is well-taken. In response to the motion, defense counsel represents that at the August 17, 2018 deposition, counsel gave the only copy of the referenced August 17 discovery requests to Defendant Ullah, because "a copy could not be made at the location of the deposition." (Doc. 66).[5] Counsel further states that he passed on his copy to Mr. Ullah only after securing Plaintiff's verbal agreement to email a copy of the requests to counsel. Counsel faults Plaintiff for not immediately following up with that email, and represents that both counsel and Defendants subsequently "forgot[] about the Requests" until counsel was reminded of them the day before the October 9, 2018 discovery conference at which the undersigned directed Defendants to promptly produce the overdue responses.[6] (Doc. 66 at 2). Defense counsel further represents that following the entry of the Court's October 9th Order directing Defendants to produce the discovery by October 16:

> Several more days went by before counsel was able to finally make contact with his client, at which time the client apologized for being unavailable and said he would get right on it. A couple days later Defendant advised counsel he could not locate the Requests and counsel found a copy in his emails from Plaintiff [dated October 8, 2018] and forwarded it to Defendant. Defendant soon called counsel and was adamant about not giving his personal information to Plaintiff questioning the true relevance of the materials requested and the basis of the

---

[5] The 3 interrogatories and single request for production are very short, comprising just a few sentences and less than two pages. Aside from use of a nearby copy service, or smartphone scanning application, a handwritten copy presumably could have been made within minutes.

[6] Plaintiff's reply undermines defense counsel's representation. Plaintiff points out that he raised the issue of the overdue discovery responses with defense counsel on September 18 and again on September 24, 2018. On September 27, 2018, the parties filed a joint status report that represented that Defendant Ullah was working on a response to the overdue discovery and "hopefully" would respond by the end of that week. (Doc. 58).

5

> Complaint. After much deliberation and discussion, counsel prepared the
> objections in response to Requests….

(Doc. 66 at 2).

Defendants unconvincingly attempt to shift the blame for the deficient and tardy discovery responses to the Plaintiff, suggesting that because Plaintiff did not send the copy of the requests to counsel via email until October 8, 2018, "technically the period to answer had not yet expired by the time counsel forwarded the Responses by way of Objection to Plaintiff on October 18, 2018." (Doc. 66 at 3). However, personal service of the requests on August 17, 2018 on defense counsel was both proper and effective under the Federal Rules of Civil Procedure. Counsel cannot now foist the blame for his decision to give his sole copy of the written requests to his client - who has a history of not properly responding to discovery requests or notices for his deposition, and generally failing to communicate – on Plaintiff. Plaintiff's alleged agreement to email a courtesy copy to counsel following the deposition does not render ineffective the original service of the written discovery requests. Moreover, if Defendants had any objection to service of the August 17, 2018 requests, the time to raise that objection was *not later than* the hearing held on October 9, 2018. Once this Court clearly ordered the responses to be produced, any possible objections that the Defendants may have had to the discovery requests were waived.

Plaintiff seeks sanctions against the Defendants under Rule 37(b)(2)(A), including an Order requiring Defendants to pay all expenses that Plaintiff may have incurred in the past, or will incur in the future, to obtain pertinent financial records directly from banks and other financial institutions pursuant to subpoenas. In addition,

Plaintiff seeks a Rule 37 sanction striking Defendants' defense "that they might be released by a settlement agreement and strik[ing] the Defendants' purported counterclaim." (Doc. 64). Plaintiff further seeks a sanction that establishes "for the purpose of this lawsuit and the Settlement Agreement that each Defendant is a vendor, contractor, and/or agent of Premium Outsourced Solutions Inc. and Visram, Inc., and therefore are not released" by the Settlement Agreement that was entered into in Case No. 1:15-cv-108, which case otherwise encompassed the same twelve telemarketing calls at issue in this case. Last, Plaintiff asserts that because the motion to compel and for sanctions took "several hours…to write," and "those hours could have been used to earn money in [Plaintiff's] occupation," the Court should direct Defendants to compensate Plaintiff for his time and any other "reasonable expenses." (Doc. 64 at 11).

The undersigned does not agree that Defendants' counterclaim should be stricken and any and all defenses pertaining to the Settlement Agreement should be deemed waived. The requested forfeiture of such defenses and claims is too great a penalty for the conduct at issue. At the same time, the undersigned agrees that Defendants' conduct warrants some sanction.

Pursuant to Rule 37, a wide variety of sanctions are available to the Court. Considering all the circumstances presented, including that Plaintiff as a pro se litigant has not incurred any attorney's fees, the undersigned finds a relatively modest monetary sanction combined with a non-monetary sanction to be the most appropriate remedy. Therefore, Defendants will be directed to pay to Plaintiff the sum of $500.00, which sum is deemed to be sufficient at this time both to punish Defendants and to compensate Plaintiff for any additional (non-time-related) expenses he has incurred in

7

issuing subpoenas or otherwise related to the Defendants' failure to comply with the Court's October 9, 2018 Order. In addition, this Court finds appropriate as a non-monetary sanction the waiver of any objections to discovery requests referenced in that Order. To be clear, Defendants are deemed to have waived objections to the three interrogatories and Request for Production served on defense counsel on August 17, 2018 and are further deemed to have waived any objection to the production of the invoice containing the terms of the agreement in which TWV allegedly provided POSI the 877-371-4325 telephone number.

### B.     Plaintiff's Motion to Disclose Records Filed Under Seal (Doc. 71)

On November 19, 2018, Plaintiff filed a motion seeking an order from this Court "to provide Plaintiff with everything submitted by Dinsmore & Shohl, LLP in support of their motion to withdraw as counsel." (Doc. 71). Pursuant to the Order of this Court, Defendants' former counsel, Dinsmore & Shohl, filed material ex parte and under seal in support of their prior motion to withdraw from representation of the Defendants. (Docs. 42, 43, 45). The information was filed in that manner based on counsel's representation that the information was detrimental to their clients, the Defendants.

Defendants have filed no response to Plaintiff's motion, leaving the motion unopposed. The information is relevant only to the extent that the presiding district judge adopts the pending R&R that permits Defendants' counterclaim, insofar as Defendants seek the recovery of all attorney's fees in excess of $25,000. Plaintiff seeks production of the information because the reasons for the withdrawal may impact whether the attorney fees that Defendants seek to reclaim as damages are reasonable,

or whether they were inflated as a result of Defendants' "own misbehavior or malfeasance" in communications with former counsel. (Doc. 71).

Considering that Plaintiff argues in another motion that the counterclaim has not yet been properly filed unless/until the pending R&R is adopted, and that Plaintiff argues in his motion for sanctions that the counterclaim should be stricken, Plaintiff's own arguments suggest that the relevance of the information that Plaintiff seeks *at this juncture in time* is questionable. On the other hand, the undersigned finds striking the counterclaim to be an inappropriate sanction and is requiring Plaintiff to file his answer to the counterclaim to reduce further delay in these proceedings. Given the lack of any opposition from Defendants to the Plaintiff's motion, as well as Defendant Ullah's deposition testimony on this topic, the undersigned concludes that the benefits of arguably premature disclosure outweigh any potential harm to Defendants. Therefore, Plaintiff's motion will be granted and Document No. 43 will be unsealed at this time.

    **C. Defendants' Motions to Quash and Motion for Hearing (Docs. 68, 69)**

On November 8, 2018, Defendants filed their first motion to quash a subpoena issued by Plaintiff to Sun Trust Bank, seeking account information and account statements for a period of 2014 to the present for Total Security Visions, Inc., Total Financial Solutions, Inc., Meridian Financial Management, Inc., and Mohammed A. Ullah.[7] Defendants complain that the period in the subpoena falls outside the date range of the twelve telephone calls that are the subject of this litigation, since the last

---

[7]Meridian Financial Management, Inc. and Total Financial Solutions, Inc. both are non-parties but are alleged to be closely affiliated with Defendants. Defendants do not dispute that the two entities are "Ullah-related" businesses.

9

such telephone call occurred in 2015. More broadly, Defendants assert there is no relevance between the documents sought by Plaintiff and the subject matter of this litigation, and that Plaintiff is "delving into private areas of business and personal financial and other areas" of Defendants' business in order "to discover all clients of Defendants to further harass and destroy Defendants' businesses." (Doc. 68 at 2).

On November 15, 2018, Defendants filed a second motion seeking to quash additional subpoenas that seek similar documents from Citibank d/b/a Sears Card, Capital One, Bill.com, LLC, Wells Fargo Bank, N.A., and Godaddy.com LLC. Defendants assert that the subpoenas request "documents that are private and irrelevant to the subject matter and assertions in the complaint and are indicative of an overt effort to meddle in the business relationships between Defendants and their customers, financial institutions, hosting vendors, associates, and anyone or any other entity/business who does or has done business with them now or in the past." (Doc. 69 at 1-2).

Plaintiff filed timely responses in opposition to both of Defendants' motions, but Defendants filed no timely replies. In Plaintiff's responses, he points out that the documents requested by the subpoenas closely relate to his August 17, 2018 discovery requests, in which he requested that Defendants themselves produce "all financial account statements used by you or your companies from 2014 *to present*." (Doc. 64-1, Interrogatory 3, emphasis added). For the reasons stated above, the undersigned concludes that Defendants have waived any objections to the scope of that Interrogatory. Plaintiff included a similar Request for Production in October 2017, in which he sought the production of "all financial account statements during the years

10

*2014 and 2015* for every financial account owned by you or any Ullah-related business in 2014 and 2015." (Doc. 72 at 1, citing Request for Production 12, emphasis added). In the October 2017 request, "Ullah-related business" was defined to be "any business which [Defendant] Ullah owns, operates, or manages, in whole or in part." (*Id.*, at n.1).

Prior to the October 9 telephonic discovery hearing, Plaintiff did not specifically reference his October 2017 request for Defendants' 2014 and 2015 financial account statements. Instead, he referenced only the Defendants' failure to fully respond to a different October 2017 request. (*See* Doc. 64-2, referring to Plaintiff's October 23, 2017 request for a copy of the invoice containing the terms of the agreement in which Defendant Ullah testified that TSV provided a phone number (877-371-4525) to Premium Outsourced Solutions). On October 9, 2018, this Court compelled Defendants to produce "outstanding overdue discovery" within a week.

Plaintiff now argues that the reference to "overdue discovery" in this Court's Notational Order includes the bank statements that Plaintiff previously requested from Defendants. Plaintiff concedes that his October 2017 requests for production seeking such account statements *directly from Defendants* was limited to a more relevant time frame (2014 and 2015) but notes that his August 2018 Interrogatory sought similar information from the Defendants concerning their accounts "from 2014 to present." Plaintiff asserts that the Court's October 9, 2018 Notational Order compelling the requested discovery now represents the "law of the case," and that Defendants should be barred from challenging the related subpoenas, since Defendants raised no objection to the scope of discovery at the October 9 hearing.

11

Plaintiff presents additional argument to counter the Defendants' objections to the relevance of the subpoenaed documents. Alternatively, Plaintiff argues that the Defendants lack standing to challenge the subpoenas because Defendant Ullah testified that the subpoenas do not seek records pertaining to Defendants, but rather, records held by some other person who "is impersonating his company…." (Doc. 73 at 1 and 3, citing Ullah Depo. at 60-73). Finally, Plaintiff points out that the Defendants' motion to quash the subpoenas to Citibank and Bill.com have been rendered moot by responses already submitted by those two entities.

The undersigned finds Plaintiff's arguments concerning relevance to be somewhat persuasive as to account documents that relate to the Defendants from January 1, 2014 through December 31, 2015. (*See generally*, Doc. 72 at 3-5). However, Plaintiff's arguments as to the relevance of documents after 2015 are not persuasive. Likewise, Plaintiffs' "law of the case" argument is not persuasive because the subpoenas to third party banks and financial institutions are distinct from the issues considered at the October 9, 2018 discovery conference.

The undersigned will grant Defendants' motion to quash in part, to the extent that the subpoenas shall be limited in time to records dating from January 1, 2014 through December 31, 2015.[8] Although Defendants requested a hearing on their first motion to quash, the undersigned determines that a hearing is unnecessary and would not aid the Court in disposition of this matter.

**III.    Conclusion**

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's motion to compel and for sanctions (Doc. 64) is GRANTED;

2. As soon as practicable, but not later than **January 7, 2019**, Defendants shall produce <u>substantive</u> responses to the discovery previously compelled by the October 9, 2018 Order;

3. The current discovery and dispositive motion deadlines of December 23, 2018 are hereby EXTENDED to thirty (30) days following the date that the R&R filed on September 21, 2018 (Doc. 57) is adopted or rejected by the presiding district judge;

4. On or before **January 31, 2019**, Defendants shall pay the sum of $500.00 to Plaintiff as a sanction for the failure to comply with the Court's October 9, 2018 Order. Defendants also are deemed to have waived any and all objections to the discovery compelled by that Order. If Defendants fail to produce the twice-ordered discovery, or fail to timely complete payment to Plaintiff of the $500.00 sanctions, additional monetary sanctions may be imposed, and additional non-monetary sanctions will be seriously considered;

5. Within seven (7) days of the entry of this Order, Plaintiff shall file his answer to Defendants' counterclaim;

6. Defendants' two motions to quash (Docs. 68 and 69) are GRANTED only in part, and in all other respects are DENIED;

---

[8]The referenced time scope is broader than the telephone calls at issue, but not unduly so.

a. The motions to quash are granted to the extent that the scope of the subpoenas shall be limited in time to January 1, 2014 through December 31, 2015;

b. The motions to quash are denied as moot with respect to Citibank and Bill.com, and other than the time limitation imposed above, are denied as to all other outstanding subpoenas on this issue;

c. Defendants' request for a hearing on their first motion to quash is denied;

7. Plaintiff's motion for disclosure of the information previously supplied by Dinsmore & Shohl to this Court (Doc. 71) is GRANTED. The information filed ex parte and under seal on May 22, 2018 (Doc. 43) is hereby UNSEALED and shall be made a part of the public record of this case.

*s/Stephanie K. Bowman*  
Stephanie K. Bowman  
United States Magistrate Judge