UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vincent Lucas,

    Plaintiff,

vs.

Total Security Vision, Inc., et al.,

    Defendants.

Case No. 1:16-cv-01102

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 57). Plaintiff filed objections thereto, (Doc. 62), and Defendants did not. The R&R relates to Plaintiff's Motion to Strike, (Doc. 36), and Defendants' Motion for Leave to File a Counterclaim, (Doc. 47). The Magistrate Judge accurately summarized the factual and procedural background of this case and the Court will repeat that background only when necessary to address Plaintiff's objections.

### I. STANDARD OF REVIEW

Under 28 U.S.C. §636(b)(1), determinations made by a Magistrate Judge are subject to the review of the district court. With respect to non-dispositive matters, and when the Court receives objections to an R&R, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Chesher v. Allen*, 122 F. App'x

184, 187 (6th Cir. 2005) ("Rule 72(a) of the Federal Rules of Civil Procedure requires that a district court judge find a magistrate judge's decisions concerning nondispositive matters 'clearly erroneous' before reversing any such decisions."). With respect to dispositive matters, and when the Court receives objections to an R&R, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. ANALYSIS

### a. Plaintiff's Motion to Strike (Doc. 36)

The Magistrate Judge discussed Plaintiff's Motion to Strike certain affirmative defenses raised in Defendants' Amended Answer along with Defendants' Response to Plaintiff's Motion to Strike, (Doc. 57 at PageID 444-448), and recommends that Plaintiff's Motion to Strike be granted in part, and paragraphs 20, 22, 26, 27, 32, 37, 46, and 51 be stricken from Defendants' Amended Answer, and Plaintiff's Motion be denied in part, and paragraphs 38 and 50 remain in Defendants' Amended Answer, (*id.* at PageID 450). Neither party objected. The Court agrees and will adopt the recommendations.

### b. Defendants' Motion for Leave to File a Counterclaim (Doc. 47)

In *Lucas v. Jolin, et al.*, Case No. 1:15cv108, Plaintiff sued Aurelio "Victor" Jolin, Visram, Inc., Premium Outsourced Solutions Inc., and Shawn Wolmuth. Plaintiff also sued Net VoIP Communications Inc. but, on May 31, 2016, the parties submitted a joint motion to dismiss Net VoIP Communications Inc. as a defendant in that matter. *Lucas v.*

2

*Jolin, et al.*, Case No. 1:15cv108, (Doc. 80). In September 2016, the Court granted Plaintiff's motion for default judgment against Victor Jolin, Visram, Inc., Premium Outsourced Solutions Inc., and Shawn Wolmuth and ordered those defendants "to pay Plaintiff damages in the total amount of $45,600, together with costs, with interest to be paid at the statutory rate from the date of final judgment until said judgment is satisfied" and noted that all four defendants were jointly and severally liable. *Lucas v. Jolin, et al.*, Case No. 1:15cv108, (Doc. 88).

In the matter currently before the Court, the Court granted Plaintiff leave to amend his Complaint to add a claim. (Doc. 30); *see* (Docs. 26, 33). In his Amended Complaint, Plaintiff includes a "claim for declaratory judgment" as "alternative grounds for relief" and explains that he "ha[s] obtained a final judgment against Premium Outsourced Solutions for the [telemarketing] calls described in this complaint. The amount of judgment is $45,600 plus cost and interest. That judgment remains unsatisfied." (Doc. 33 at PageID 319), (*id.* at PageID 320 (citing *Lucas v. Jolin, et al.*, Case No. 1:15cv108)). Plaintiff states that Defendant "Total Security Vision is in privity with Premium Outsourced Solutions . . . in the same manner as if the persons in privity were named as parties in the judgment" and concludes that "Total Security Vision is liable for the judgment against Premium Outsources Solutions in the same manner as if Total Security Vision had been named in the judgment." (Doc 33 at PageID 319).

Defendants filed an Amended Answer, (Doc. 32), and, after obtaining new counsel, filed the pending Motion for Leave to File a Counterclaim, (Doc. 47). In that Motion, Defendants explain that "the current Defendants are in privity with the Defendant in [Case

3

No. 1:15cv108] who settled all claims with this Plaintiff by [a Settlement] Agreement."[1] (Doc. 47 at PageID 380). Defendants state that the Settlement Agreement in Case No. 1:15cv108 "was intended to enable Defendants, and those in privity, to rely on the fact they were, and still are, released from further litigation relating to the claimed unsolicited telemarketing calls which were the subject of that prior suit and are now the subject of the current suit as well." (*Id.*). Defendants argue that the Settlement Agreement in Case. No. 1:15cv108 and the privity between Defendants in this case and the defendant— presumably Net VOIP—in Case No. 1:15cv108 "allow" Defendants "to properly bring a counter claim for breach of that [settlement] agreement and [to] seek compensation for their actual and necessary damages surrounding the costs of defending against such a breach." (*Id.*).

In response, Plaintiff argues that Defendants' Motion for Leave should be denied on the grounds of undue delay, futility of amendment, and bad faith. (Doc. 55).

The Magistrate Judge recommends that Defendants' Motion be granted, so long as Defendant Ullah attended the scheduled August 17, 2018 deposition,[2] as the proposed counterclaim "is based on a document—the Settlement Agreement in Case No. 1:15-cv-108—that is clearly central to this case" and "there is no dispute that issues relating to the Settlement Agreement in Case No. 1:15-cv-108 will remain central to this case regardless of whether the counterclaim is permitted." (Doc. 57 at PageID 449-450).

---

[1] Defendants attach a Settlement Agreement, dated May 31, 2016, "between Vincent Lucas [] and Net VOIP Communications, Inc." to their proposed counterclaim. (Doc. 54, Attachment 1), (Doc. 63, Attachment 1). That Settlement Agreement is signed by Plaintiff and Net VOIP Communications, Inc.'s "Duly Authorized Representative," "Mohammad A. Ullah." (Doc. 54, Attachment 1), (Doc. 63, Attachment 1).

[2] He did. (Doc. 58).

In his objections, Plaintiff reiterates, often verbatim from his Response, that Defendants' Motion for Leave should be denied on the grounds of undue delay, futility of amendment, and bad faith. *Compare* (Doc. 55), *with* (Doc. 62). He asserts that the Magistrate Judge did not explicitly address his arguments regarding futility or bad faith. (Doc. 62 at PageID 460-461). With respect to undue delay, he contends that Defendants should have included their counterclaim in their initial Answer or Amended Answer. (*Id.* at PageID 461). Regarding futility, he asserts that allowing Defendants to file their counterclaim would be futile, as Defendants are not parties to the Settlement Agreement in Case No. 1:15cv108. (Doc. 55 at PageID 407), (Doc. 62 at PageID 462-65). Regarding bad faith, Plaintiff alleges that Defendants attempt to bring the counterclaim as "a scare tactic" "in an effort to make their position look stronger in the mediation that they are seeking." (Doc. 55 at PageID 412), (Doc. 62 at PageID 465).

A court "should freely give leave" to file a counterclaim "when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice does not require leave when the counterclaim would cause undue delay, be futile, or is sought in bad faith. *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). After a review of the filings in this matter, the Court agrees with the Magistrate Judge's recommendation to grant Defendants' Motion for Leave to File a Counterclaim. With respect to undue delay, the Court notes that Plaintiff moved for and, ultimately, received leave to amend his Complaint. (Docs. 30, 33). Moreover, Defendants' current counsel appears to concede some delay in seeking the Court's leave to file the proposed counterclaim. *See* (Doc. 47). Although the Court agrees with the Magistrate Judge that Defendants' current counsel could have been more forthcoming in acknowledging that

Defendants were, indeed, represented by prior counsel when they filed their Amended Answer, (Doc. 57 at PageID 449), the Court does not find evidence of disproportionate delay in the filing of Defendants' Motion for Leave. Regarding futility and bad faith, Plaintiff concedes that "this could be handled by summary judgment," but "believe[s] it would be a better use of judicial resources to nip the counterclaim in the bud." (Doc. 62 at PageID 462). The Court disagrees with Plaintiff's assessment of judicial economy and agrees with the Magistrate Judge that the Settlement Agreement in Case No. 1:15cv108 will remain central to the current matter. The Court finds that granting Defendants leave to file the counterclaim will advance the interests of resolving the current matter on the merits and eliminating the, possible, need for another lawsuit to be filed regarding the same telemarketing calls.

Defendants have already filed identical copies of their Counterclaim, (Docs. 54, 63), and Plaintiff has filed an Answer, (Doc. 83), per the Magistrate Judge's order and instructions, (Doc. 80). Moreover, per the Magistrate Judge's order, the discovery and dispositive motions deadlines are extended to thirty (30) days following the date of this order. (*Id.* at PageID 786).

### III. CONCLUSION

In light of the above, it is hereby **ORDERED** that:

1. the Magistrate Judge's R&R, (Doc. 57), is **ADOPTED** and Plaintiff's objections, (Doc. 62), are **OVERRULED**;

2. Plaintiff's Motion, (Doc. 36) is **GRANED IN PART**, and paragraphs 20, 22, 26, 27, 32, 37, 46, and 51 are stricken from Defendants' Amended Answer,

**AND DENIED IN PART**, and paragraphs 38 and 50 remain in Defendants' Amended Answer;

3. Defendants' Motion for Leave to File a Counterclaim, (Doc. 47), is **GRANTED**.

**IT IS SO ORDERED.**

/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court