**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Vincent Lucas, | : | |
| Plaintiff, | : | Case No. 1:16-cv-01102 |
| vs. | : | Judge Michael R. Barrett |
| Total Security Vision, Inc., et al., | : | |
| Defendants. | : | |

# ORDER

This matter is before the Court on the Magistrate Judge's May 13, 2019 Report and Recommendation ("R&R"). (Doc. 93). Plaintiff filed timely objections. (Docs. 94, 94-1).

The Magistrate Judge recommends **either (1)** granting Defendants' Motion to Dismiss (Doc. 87) and Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. 92) and denying Plaintiff's pretrial Motion to Determine the Admissibility of Certain Evidence (Doc. 74) and Motion for Discovery Sanctions (Doc. 86) as moot **or**, should the undersigned decline to adopt the first recommendation and deny Defendants' Motion to Dismiss, the Magistrate Judge alternatively recommends, **(2)** denying in part and granting in part Plaintiff's pretrial Motion to Determine the Admissibility of Certain Evidence (Doc. 74) and denying in part and granting in part Plaintiff's Motion for Discovery Sanctions (Doc. 86). The Magistrate Judge accurately summarized the factual and procedural background of this case in a May 1, 2017 R&R (Doc. 17), a September 21, 2018 R&R

(Doc. 57), and the currently pending May 12 2019, R&R (Doc. 93). The same will not be repeated here.

Under 28 U.S.C. §636(b)(1), determinations made by a Magistrate Judge are subject to the review of the district court. With respect to dispositive matters, and when the Court receives objections to an R&R, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The Magistrate Judge recommends granting Defendants' Motion to Dismiss as the May 31, 2016 *Jolin*[1] Settlement Agreement is enforceable by released parties and Defendants are released parties. (Doc. 93 at PageID 1194-1201); *see* (Doc. 87-1). The Magistrate Judge, construing the Settlement Agreement under Ohio contract law, found Defendant Ullah to be a released party in light of his status as a "shareholder" and "officer" of Net VOIP such that he qualifies under "Net VOIP Released Parties." *Id.* The Magistrate Judge, again construing the Settlement Agreement under Ohio contract law, found Defendant Total Security Vision, Inc. to be a released party, as it is an "affiliate" of Net VOIP such that it qualifies under "Net VOIP Released Parties." *Id.*

Plaintiff disagrees and maintains that Defendants are not released parties due to the Exclusionary Clause in the Settlement Agreement. (Doc. 94-1 at PageID 1218-1228). He spends a significant portion of his objections clarifying his interpretation of the Exclusionary Clause. (Doc. 94-1). However, the Magistrate Judge addressed Plaintiff's

---

[1] *Lucas v. Jolin, et al.*, Case No. 1:15cv108 (S.D. Ohio).

interpretation of the Exclusionary Clause and found it to be incorrect. (Doc. 93 at PageID 1194-1201). Although Plaintiff disagrees with the Magistrate Judge's interpretation of the Settlement Agreement, namely the Exclusionary Clause, after a de novo review of that agreement (Doc. 87-1), Defendants' Motion to Dismiss (Doc. 87), Plaintiff's Response thereto (Doc. 91), and the May 13, 2019 R&R (Doc. 93), the Court is not convinced that the Magistrate Judge's interpretation is incorrect. *See* Fed. R. Civ. P. 72(b)(3). Moreover, the Court finds that the remainder of Plaintiff's arguments regarding the enforceability of the Settlement Agreement are reiterations of his prior arguments. *Compare* (Doc. 94-1), *with* (Doc. 91). *See Aldrich v. Bock*, 32 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Accordingly, the Court will adopt the Magistrate Judge's recommendation to grant Defendant's Motion to Dismiss.

Moreover, after reviewing all of the filings currently pending before the Court, the responsive briefing, if any, and the May 13, 2019 R&R, and after a de novo review of those filings, the Court is not convinced that the Magistrate Judge erred when recommending that the Court grant Defendants' Motion to Dismiss (Doc. 87) and Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. 92) and deny the remaining motions as moot. *See* Fed. R. Civ. P. 72(b)(3).

In light of the above, it is hereby **ORDERED** that:

1. Plaintiff's objections (Doc. 94) are **OVERRULED**;
2. the Court accepts and **ADOPTS** the first prong of the Magistrate Judge's May 13, 2019 recommendation (Doc. 93);
3. Defendants' Motion to Dismiss (Doc. 87) is **GRANTED**;

4. Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. 92) is **GRANTED**;

5. Plaintiff's Motion to Determine the Admissibility of Certain Evidence (Doc. 74) and Motion for Discovery Sanctions (Doc. 86) are **DENIED as moot**; and

6. This matter **is DISMISSED with prejudice** and the matter shall be **CLOSED** and **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

    \_\_s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court